United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD B.,[1]

          Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

Case No.  25-cv-04771-TSH

**ORDER RE:  CROSS-MOTIONS FOR
SUMMARY JUDGMENT**

Re: Dkt. Nos. 18, 22

## I.   INTRODUCTION

Plaintiff Richard B. moves for summary judgment to reverse the Social Security Administration's denial of his claim for disability benefits under the Social Security Act, 42 U.S.C. § 401 et seq.  ECF No. 18 ("Pl.'s Mot.").  The Commissioner cross-moves to affirm.  ECF No. 22 ("Def.'s Mot.").  Pursuant to Civil Local Rule 16-5, the matter is submitted without oral argument.  For the reasons stated below, the Court **DENIES** Plaintiff's motion and **GRANTS** the Commissioner's cross-motion.[2]

## II.   PROCEDURAL HISTORY

On August 19, 2022, Plaintiff filed an application for Social Security Disability Insurance

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 7, 8, 11.

(SSDI) benefits, stating a disability onset date of October 12, 2018.  Administrative Record (AR) 228–29.  Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2023.  AR 19, 247.  Following denial at the initial and reconsideration levels, Plaintiff requested a hearing before an Administrative Law Judge (ALJ).  AR 17, 74–79, 141–45.  An ALJ held a hearing on February 22, 2024, and issued an unfavorable decision on May 1, 2024.  AR 14–65.  The Appeals Council denied Plaintiff's request for review on April 15, 2025.  AR 1–6.  Plaintiff now seeks review pursuant to 42 U.S.C. § 405(g).

### III.   ISSUES FOR REVIEW

Plaintiff raises one issue on appeal:  whether the ALJ "erred by failing to apply the mandatory 'no-work' medical-vocational profile in 20 C.F.R. § 404.1562."  Pl.'s Mot. at 1.

### IV.   STANDARD OF REVIEW

42 U.S.C. § 405(g) provides this Court's authority to review the Commissioner's decision to deny disability benefits, but "a federal court's review of Social Security determinations is quite limited."  *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).  The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based on the application of improper legal standards.  *Id.*  Substantial means "more than a mere scintilla," but only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up).  Under this standard, which is "not high," the Court looks to the existing administrative record and asks, "whether it contains 'sufficient evidence' to support the agency's factual determinations."  *Id.* at 102 (cleaned up).

The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence."  *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."  *Id.* at 1010 (citation omitted).  If "the evidence can reasonably support either affirming or reversing a decision," the Court must defer to the ALJ's decision.  *Id.* (citation omitted).

United States District Court
Northern District of California

2

Even if the ALJ commits legal error, the ALJ's decision must be upheld if the error is harmless, meaning "it is inconsequential to the ultimate nondisability determination, or that, despite the legal error, the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." *Brown-Hunter*, 806 F.3d at 492 (cleaned up). But "[a] reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless" and is instead "constrained to review the reasons the ALJ asserts." *Id.* (cleaned up).

## V. DISCUSSION

### A. Framework For Determining Whether A Claimant Is Disabled

A claimant is "disabled" under the Social Security Act (1) "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months" and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (citing 42 U.S.C. § 1382c(a)(3)(A) – (B)). To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis. *See* 20 C.F.R. § 404.1520(a)(1) (disability insurance benefits); *id.* at § 416.920(a)(4) (same standard for supplemental security income). The claimant bears the burden of proof at steps one through four. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020) (citation omitted).

At step one, the ALJ must determine if the claimant is presently engaged in a "substantial gainful activity," defined as "work done for pay or profit that involves significant mental or physical activities." *Id.* (quoting 20 C.F.R. § 404.1520(a)(4)(i)) (cleaned up). Here, the ALJ determined Plaintiff had not performed substantial gainful activity "during the period from his alleged onset date of October 12, 2018, through his date last insured of December 31, 2023." AR 19.

At step two, the ALJ decides whether the claimant's impairment or combination of

United States District Court
Northern District of California

3

impairments is "severe," meaning "that it significantly limits the claimant's 'physical or mental ability to do basic work activities.'" *Ford*, 950 F.3d at 1148 (quoting 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1522(a)). If no severe impairment is found, the claimant is not disabled. 20 C.F.R. § 404.1520(c). Here, the ALJ determined Plaintiff had the following severe impairments: "status post left rotator cuff repair with resulting limited range of motion, generalized anxiety disorder, schizoaffective disorder, depression/adjustment disorder, and diabetes mellitus type II. (20 C.F.R. § 404.1520(c))." AR 19.

At step three, the ALJ evaluates whether the claimant has an impairment or combination of impairments that meets or equals an impairment in the "Listing of Impairments" (referred to as the "listings"). *See* 20 C.F.R. § 404.1520(a)(4)(iii); *id.* at Pt. 404 Subpt. P, App. 1. The listings describe impairments that are considered "to be severe enough to prevent an individual from doing any gainful activity." *Id.* at § 404.1525(a). Each impairment is described in terms of "the objective medical and other findings needed to satisfy the criteria of that listing." *Id.* at § 404.1525(c)(3). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original) (footnote omitted). If a claimant's impairment either meets the listed criteria for the diagnosis or is medically equivalent to the criteria of the diagnosis, he is conclusively presumed to be disabled, without considering age, education and work experience. 20 C.F.R. § 404.1520(d). Here, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets the listings. AR 21.

If the claimant does not meet or equal a listing, the ALJ proceeds to step four and assesses the claimant's residual functional capacity (RFC), defined as the most the claimant can still do despite their limitations (20 C.F.R. § 404.1545(a)(1)), and determines whether they are able to perform past relevant work.[3] If the ALJ determines, based on the RFC, that the claimant can perform past relevant work, the claimant is not disabled. 20 C.F.R. § 404.1520(f). Here, the ALJ

---

[3] The definition of past relevant work is discussed below.

United States District Court
Northern District of California

determined Plaintiff has past relevant work. AR 29. The ALJ determined Plaintiff has the RFC "to perform work across all exertional levels but with the following nonexertional limitations: he can occasionally lift overhead with his non dominant left upper extremity; limited to simple repetitive tasks with no independent decision making or goal setting; and only occasional interaction with the public on a superficial basis (e.g., exchange pleasantries, or directing someone to the nearest restroom)." AR 22–23. The ALJ determined Plaintiff was unable to perform any past relevant work through the date last insured. AR 29. And the ALJ determined "[t]ransferability of job skills is not material to the determination of disability[.]" *Id.*

At step five, the burden shifts to the agency to prove that "'the claimant can perform a significant number of other jobs in the national economy.'" *Ford*, 950 F.3d at 1149 (quoting *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002)). To meet this burden, the ALJ may rely on the Medical-Vocational Guidelines (commonly known as "the grids"), 20 C.F.R. Pt. 404 Subpt. P, App. 2,[4] or on the testimony of a vocational expert. *Ford*, 950 F.3d at 1149 (citation omitted). "[A] vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. § 404.1560(b)(2). An ALJ may also use other resources such as the Dictionary of Occupational Titles (DOT).[5] *Id.* Here, the ALJ determined that there were jobs that exist in

---

[4] The grids "present, in table form, a short-hand method for determining the availability and numbers of suitable jobs for a claimant." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114–15 (9th Cir. 2006) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999)). They consist of three tables, for sedentary work, light work, and medium work, and a claimant's place on the applicable table depends on a matrix of four factors: a claimant's age, education, previous work experience, and physical ability. *Id.* "For each combination of these factors, [the grids] direct a finding of either 'disabled' or 'not disabled' based on the number of jobs in the national economy in that category of physical-exertional requirements." *Id.*

[5] The DOT classifies jobs by their exertional and skill requirements. *See* 20 C.F.R. § 404.1566(d)(1); *Wischmann v. Kijakazi*, 68 F.4th 498, 502 (9th Cir. 2023) ("Although criticized as having many outdated job descriptions, the DOT is typically the starting point for VEs to identify the occupations relevant for each claimant's residual functional capacities.") (cleaned up); *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) ("[T]he best source for how a job is generally performed is usually the Dictionary of Occupational Titles.").

United States District Court
Northern District of California

significant numbers in the national economy that Plaintiff could perform, including cleaner (DOT 919.687-014), order picker (DOT 922.687-058), and hospital housekeeper (DOT 323.687-010). AR 29–30.  As such, the ALJ determined Plaintiff was not disabled.  AR 30.

**B.    "No-Work" Profile**

Plaintiff argues that the "ALJ's failure to apply the No-Work profile constitutes reversible legal error."  Pl.'s Mot. at 2.  The Commissioner contends that "because the ALJ found that Plaintiff performed past relevant work, Plaintiff cannot show he qualified for the no-work profile."  Def.'s Mot. at 3.

**1.    Legal Standard**

The Social Security regulations outline medical-vocational profiles that require an ALJ to find a claimant disabled without assessing the claimant's RFC.  20 C.F.R. § 404.1562(b).  The "No-Work" profile states:

> If you are at least 55 years old, have no more than a limited education, and have no past relevant work experience.  If you have a severe, medically determinable impairment(s), are of advanced age (age 55 or older), have a limited education or less, and have no past relevant work experience, we will find you disabled.  If the evidence shows that you meet this profile, we will not need to assess your residual functional capacity or consider the rules in appendix 2 to this subpart.

*Id.* (internal citations omitted); *see* Pl.'s Mot. at 1–2; Def.'s Mot. at 2–3.  Thus, "if a claimant has severe impairments, is of advanced age, has no past relevant work experience, and has an education level of 'limited education or less,' the claimant must be found disabled." *Mack v. Colvin*, 173 F. Supp. 3d 999, 1007 (S.D. Cal. 2016).

Under the rules in effect at the time of the ALJ's May 1, 2024, decision, a claimant's "past relevant work" was substantial gainful activity that was performed within the last 15 years and that lasted long enough for the claimant to learn to do it.  20 C.F.R. §§ 404.1565(a) (2012), 416.965(a) (2012); *see McClune v. Dudek*, No. 24-2911, 2025 WL 1099701, at *2 (9th Cir. Apr. 14, 2025) (explaining 2012 regulations apply to ALJ decisions issued prior to June 22, 2024).

Section 404.1565 explains how past relevant work experience is evaluated as a vocational factor:

> (a) General.  Work experience means skills and abilities you have

acquired through work you have done which show the type of work you may be expected to do. Work you have already been able to do shows the kind of work that you may be expected to do. We consider that your work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity. We do not usually consider that work you did 15 years or more before the time we are deciding whether you are disabled (or when the disability insured status requirement was last met, if earlier) applies. A gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply. The 15–year guide is intended to insure that remote work experience is not currently applied. If you have no work experience or worked only 'off-and-on' or for brief periods of time during the 15–year period, we generally consider that these do not apply. If you have acquired skills through your past work, we consider you to have these work skills unless you cannot use them in other skilled or semi-skilled work that you can now do. If you cannot use your skills in other skilled or semi-skilled work, we will consider your work background the same as unskilled. However, even if you have no work experience, we may consider that you are able to do unskilled work because it requires little or no judgment and can be learned in a short period of time.

(b) Information about your work. Under certain circumstances, we will ask you about the work you have done in the past. If you cannot give us all of the information we need, we may try, with your permission, to get it from your employer or other person who knows about your work, such as a member of your family or a co-worker. When we need to consider your work experience to decide whether you are able to do work that is different from what you have done in the past, we will ask you to tell us about all of the jobs you have had in the last 15 years. You must tell us the dates you worked, all of the duties you did, and any tools, machinery, and equipment you used. We will need to know about the amount of walking, standing, sitting, lifting and carrying you did during the work day, as well as any other physical or mental duties of your job. If all of your work in the past 15 years has been arduous and unskilled, and you have very little education, we will ask you to tell us about all of your work from the time you first began working. This information could help you to get disability benefits.

20 C.F.R. § 404.1565 (2012).

### 2.    Analysis

Here, the parties agree that the ALJ found that Plaintiff is over the age of 60, that Plaintiff has severe impairments, and that Plaintiff has a limited education. AR 19, 29; Pl.'s Mot. at 2; ECF No. 23 at 2–3 (Def.'s Statement of Facts). The parties dispute whether the ALJ found that Plaintiff has past relevant work. *Compare* Pl.'s Mot. at 2 (citing AR 30) ("[the ALJ] determined that [Plaintiff] had no past relevant work") *with* Def.'s Mot. at 3 (citing AR 29) ("The ALJ found Plaintiff had past relevant work as both a food assembler and gas station attendant/cashier.").

7

The ALJ found that Plaintiff "was unable to perform any past relevant work." AR 29 (citing 20 C.F.R. § 404.1565). The ALJ explained:

> At the hearing, the vocational expert classified the claimant's past work as follows:
>
> • Food Assembler – DOT 319.484-010, semiskilled with an SVP of 3, and considered to be a light exertional level but per the claimant's testimony was performed at medium.
>
> The vocational expert also classified a second job as a Gas Station Attendant which they considered to be a composite job. This job comprised the following two jobs:
> • Gas Station Attendant - DOT 915.467-010, semiskilled with an SVP of 3, and performed at medium &
> • Cashier – DOT 211.462-010, unskilled with an SVP of 2, and considered to be a light exertional level but per the claimant's testimony was performed at medium.
>
> As the claimant was employed here within the past 15 years, these jobs lasted long enough for the claimant to have learned it, and were performed at the SGA level, accordingly, these jobs constitute past relevant work. (20 CFR 404.1565(a) and SSR 82-62).
>
> At the hearing, the vocational expert testified an individual with the specified residual functional capacity could not perform his past relevant work. I concur and find the demands of the claimant's past relevant work exceed the residual functional capacity.

*Id.*

Plaintiff does not dispute that the ALJ used the correct legal framework in determining that Plaintiff has past relevant work; nor does Plaintiff dispute that the ALJ's finding on past relevant work is supported by substantial evidence. *See* Def.'s Mot. at 3–5. Instead, Plaintiff's brief raises only one argument: the ALJ erred in not finding Plaintiff disabled under the No Work profile because the ALJ found that Plaintiff has no past relevant work. Pl.'s Mot. at 2. But Plaintiff's challenge is plainly contradicted by the record. *See* AR 29 (ALJ stating "these jobs constitute past relevant work"); Def.'s Mot. at 3 ("The existence of past relevant work precludes qualification for the no-work profile."). Therefore, because the ALJ found that Plaintiff had past relevant work, the ALJ did not err in not applying the No Work profile to Plaintiff.

## VI.    CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's cross-motion. The Court shall enter a separate judgment, after which the Clerk of

United States District Court
Northern District of California

Court shall terminate the case.

**IT IS SO ORDERED.**

Dated: February 9, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

9